Terry JAMISON, Petitioner–Appellant,

v.

Charles GREINER, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.

No. 04–0177.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

---

** The Honorable William H. Pauley III, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Leonard Joblove, Assistant District Attorney (Charles J. Hynes, District Attorney for Kings County, on the brief; Victor Barall and Joseph Huttler, Assistant District Attorneys), Bronx, NY, for Respondent–Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Terry Jamison ("Jamison") appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*), entered on October 21, 2003, denying his petition for a writ of *habeas corpus* and granting a certificate of appealability as to his *Brady* claim. That petition challenged a March 10, 1998 judgment of the New York Supreme Court, Kings County, that convicted him, after a jury trial, of (1) robbery in the second degree (N.Y. Penal Law § 160.10[1]); (2) robbery in the third degree (N.Y. Penal Law § 160.05); (3) grand larceny in the fourth degree (N.Y. Penal Law § 155.30[5]); and (4) petit larceny (N.Y. Penal Law § 155.25), following the robbery of a livery cab driver ("McLean") of sixty-three dollars.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Under the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for *habeas corpus* may not be granted on the basis of a claim that was "adjudicated on the merits" in a state court proceeding unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

of the United States." 28 U.S.C. § 2254(d)(1).

The government's non-disclosure of the presentence report of Jamison's co-defendant ("Jeter") prior to Jamison's trial neither prejudiced him nor violated his constitutional rights. Specifically, Jamison points to three inconsistencies between the statements in the presentence report and the testimony adduced at trial: (1) a difference in the number of hours McLean had been working the evening of the robbery; (2) a difference in which defendant—Jamison or Jeter—reached in McLean's pocket to grab the money; and (3) subtle differences between McLean's description of the robbery in the presentence report and the testifying police officer's recounting of McLean's description of the event. The nature of these inconsistencies do not undermine the confidence in the outcome of Jamison's trial and ultimately are not material.

Nothing in McLean's statement in Jeter's presentence report suggested that Jamison did not commit the crimes for which he was convicted. *See Leka v. Portuondo,* 257 F.3d 89, 104 (2d Cir.2001) ("Materiality is assessed in light of the evidence adduced against the defendant at trial: when a conviction is supported by overwhelming evidence of guilt, *habeas* relief is not warranted."). Indeed, at trial it was undisputed that McLean picked up the defendant and Jeter, and drove them somewhere; that shortly after Jamison and Jeter exited McLean's car, McLean flagged down police officers, and identified Jamison and Jeter as the people who had just robbed him; and that the amount and denominations of currency recovered from Jamison matched exactly the amount and denominations that McLean told the police that defendant had stolen by force. Accordingly, the impeachment value of the presentence report would have been minimal given the overwhelming evidence of guilt at trial; without more, no prejudice or constitutional error can be found. *See United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (holding that constitutional errors result from the suppression of material evidence "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

We have reviewed Jamison's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.